JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1611 GAF (CWx) | Date | March 31, 2011 |
|---|---|---|---|
| Title | Jeffrey Alan Gutterman v. Wachovia Mortgage et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**    **(In Chambers)**

**ORDER REMANDING CASE**

On November 22, 2010, Jeffrey Alan Gutterman ("Plaintiff") filed this action against Wachovia Mortgage and Wells Fargo Bank ("Wells Fargo" or "Defendant") in Los Angeles County Superior Court.  (Docket No. 1, Not. of Removal, Ex. A [Compl.].)  Wachovia Mortgage is a division of Wells Fargo Bank, and these entities are effectively a single defendant for jurisdictional purposes.  Schwartz v. Elec. Data Sys., Inc., 913 F.2d 279, 284 (6th Cir. 1990) ("A division of a corporation . . . is not an independent entity for jurisdictional purposes" and "is a citizen for the purpose of determining diversity [of] the state of which the corporation that owns the division is a citizen.").  Defendant timely removed the action to this Court on February 23, 2011, on the basis of purported diversity jurisdiction.  (Not. ¶ 2.)

Under Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  "[A] court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action . . . ."  Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002); see also United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 966 (9th Cir. 2004) ("Here the district court had a duty to establish subject matter jurisdiction over the removed action sua sponte, whether the parties raised the issue or not.").

Federal courts have jurisdiction on the basis of diversity of citizenship where the amount in controversy exceeds $75,000 and where the matter is between citizens of different states.  28 U.S.C. § 1332(a).  A person's state of citizenship is "determined by her state of domicile."  Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).  National banking

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 11-1611 GAF (CWx) | Date | March 31, 2011 |
|---|---|---|---|
| Title | Jeffrey Alan Gutterman v. Wachovia Mortgage et al | | |

associations are "deemed citizens of the States in which they are respectively located."  28 U.S.C. § 1348.  The Supreme Court has held that a national banking association is "located" in "the State designated in its articles of association as its main office."  Wachovia Bank v. Schmidt, 546 U.S. 303, 318 (2006).  The Court, however, "express[ed] no opinion" on whether a bank might also be "established" or "located" in the state of its principal place of business.  Id. at 314–15 & n.8; see also Mount v. Wells Fargo Bank, N.A., No. 08-6298, 2008 WL 5046286, at *1 (C.D. Cal. Nov. 24, 2008).  Courts, including this one, have recognized that the Supreme Court in Schmidt left that question open and have concluded that a national banking association is also "located" in the state of its principal place of business.  See id. at *2; Saberi v. Wells Fargo Home Mortg., No. 10-1985, 2011 WL 197860, at *3 (S.D. Cal. Jan. 20, 2011).  The Court is persuaded by these cases.

Plaintiff in this case is a citizen of California, as he resides and owned property here. (Not. ¶ 2; Compl. ¶¶ 5, 42); see also Marroquin v. Wells Fargo, LLC, No. 11-163, 2011 WL 476540, at *1 (S.D. Cal. Feb. 3, 2011) ("[P]lace of residence is prima facie the domicile." (internal quotations omitted)).  Defendant Wells Fargo is a national banking association.  (See Not. ¶ 2.)  As explained above, it is therefore a citizen of both the state in which the main office designated in its articles of association is located and the state in which it has its principal place of business.  Wells Fargo's main office is in South Dakota, but its principal place of business is in California.  E.g., Saberi, 2011 WL 197860, at *1; Mount, 2008 WL 5046286, at *1; Wells Fargo Bank, N.A. v. Siegel, No. 05-5635, 2007 WL 1686980, at *1 (N.D. Ill. June 8, 2007).  It is therefore a citizen of both South Dakota and California.  Because Plaintiff and Defendant are both citizens of California, there is no diversity of citizenship, and this Court accordingly lacks diversity jurisdiction.  There are also no independent bases for this Court's jurisdiction.

Because the Court lacks subject matter jurisdiction over this case, the case is hereby **REMANDED** to state court.  The hearing scheduled for Monday, April 4, 2011 is **VACATED.** In addition, the hearing on the Motion to Dismiss scheduled for April 18, 2011 is also **VACATED.**

**IT IS SO ORDERED.**